| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-cr-00175 GEB |
| Plaintiff, | |
| v. | **ORDER CORRECTING PRESENTENCE REPORT** |
| STEVEN ROLAND, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

The United States of America objects to the Presentence Report ("PSR") arguing that it "erroneously applies . . . special offense characteristics [under] U.S.S.G. §§ 2G2.2(b)(1) and 2G2.2(b)(3)(F), and fails to [apply] a [two offense level enhancement] victim . . . adjustment [under] U.S.S.G. § 3A1.1." Mot. for Correction, 1:22-24, ECF 60.

The United States asserts: "the PSR [erroneously] applied [in paragraph 21,] a two-level [offense] decrease [under] U.S.S.G. § 2G2.2(b)(1) [based on the conclusion that] '[t]he defendant's conduct was limited to the receipt [of] sexual exploitation of a minor; and [that] no evidence [exists evincing] that the defendant intended to distribute [child pornography]." Id. at 1:27-28, 2:1-2 (citing PSR ¶ 21). The United States explains its objection to paragraph 21 as follows:

> the PSR itself finds [elsewhere that], the defendant's conduct was not in fact limited to receipt; he distributed child pornography

1

> through use of peer-to-peer file sharing software. See PSR at ¶¶ 6, 9, 23, and 81. Indeed, the defendant's crime was detected when he shared approximately 190 files of child pornography via peer-to-peer file sharing software. PSR at ¶¶ 5, 6.

Id. at 2:2-7.

The United States is correct. Defendant admitted that he used a peer-to-peer file-sharing network to obtain hundreds of child pornography images, and said "he could not remember if he initially allowed BitTorrent to share files that he was downloading." PSR ¶ 9. Further, paragraph 23 in the PSR contains the finding:

> [T]he defendant knew the peer-to-peer software (i.e., BitTorrent) he used would allow other individuals to download images of child pornography [, and] defendant told agents that whenever he was notified someone was trying to download files from him, he would try to stop it. Therefore, he acknowledged he received notifications of sharing on his computer. The defendant['s] . . . peer-to-peer sharing software . . . allowed [law enforcement investigative] agents to download 190 files of child pornography from the IP address the defendant was using.

PSR ¶ 23.

Therefore, Defendant's offense level should not have been reduced two-levels in paragraph 21 of the PSR under U.S.S.G. § 2G2.2(b)(1) since Defendant's conduct was not limited to receipt of child pornography. Therefore, the two level offense level deduction in paragraph 21 of the PSR under U.S.S.G. § 2G2.2(b)(1) is deleted.

The United States also objects to the two-level enhancement under § 2G2.2(b)(3)(F), in paragraph 23 of the PSR, contending this enhancement only applies when the facts show that

a defendant "knowingly engaged in distribution." U.S.S.G. § 2G2.2(b)(3)(F). The United States argues:

> While the evidence clearly shows that the defendant *did* distribute child pornography, . . . application of this enhancement requires a showing of knowing distribution . . . [; and notwithstanding the defendant's admission] to being aware of the distribution capabilities of the peer-to-peer software he was using to download child pornography . . . he . . . denied knowingly sharing files.

Mot. at 4:28, 5:2-4 (citing PSR ¶ 9). The United States is correct. Therefore, this objection is sustained, and the two-level enhancement in paragraph 23 of the PSR is deleted.

The United States also objects to the omission of a two offense level enhancement in paragraph 27 of the PSR, arguing "the defendant knew or should have known that victims of his offense—infants—were vulnerable, and thus a two-level enhancement pursuant to § 3A1.1 should apply." Mot. at 5:8-9. The United States supports its argument referencing "images received by the defendant [which] include the abuse of infants and toddlers, victims that were so small, immobile and without language that they were particularly vulnerable to abuse." Mot. at 8:5-10 (citing ROLAND_00893, ROLAND_00902, describing an image showing an erect adult male penis in the mouth of an infant in a car seat, and another image showing an infant with an erect adult male penis inserted into the anus).

The Probation Officer did not apply this enhancement, opining it is inapplicable under the advisory guidelines since a four-level offense enhancement was applied under § 2G2(b)(4) in paragraph 24 of the PSR. Prob. Officer's Resp. to Objs., ECF No.

3

59-2. Paragraph 26 states:

> The defendant possessed material that involved images of sadistic or masochistic conduct; specifically, Hardcore\Real Private Daughter (Cd Found On Landfill) Stolen Pedo Lolita Pthc Hussyfan Preteen Nude (12-13Y) Hc 31.jpg, which is an image of a 12 to 13-year-old girl lying on her back, naked from the waist down. Her hands are bound with yellow and red rope and a green object is inserted into her vagina. The defendant also possessed material that involved the sexual abuse or exploitation of infants; specifically, Hardcore\c61db1e1e9528cc0cee12a40531ac2fe.jpg, which is an image showing an infant with an erect adult male's penis inserted into the infant's anus.

PSR ¶ 24.

The images the United States references evince that the infant and toddler victims were unusually vulnerable. The District Court has discretion under United States v. Wright, 373 F.3d 935, 943 (9th Cir. 2004), to decide whether "attributes of infancy and the toddler stage" justify "applying the vulnerable victim adjustment. The extreme youth and small physical size factors . . . traits and characteristics-such as an inability to communicate, an inability to walk, and . . . increased pain upon sexual penetration," constitute abuses of vulnerable infant and toddler victims justifying the two offense level enhancement under Section 3A1.1. See United States v. Espinoza, 636 Fed. Appx. 416, 417 (9th Cir. 2016)(stating "we read Wright as permitting the application of both the prepubescent minor enhancement and the vulnerable victim enhancement so long as the district court makes a finding of vulnerability—or adopts a Presentence Report . . . with a finding of vulnerability—that goes beyond a mere acknowledgment of the victim's age."). The

evidence supporting the United States' two level enhancement argument justifies imposing this enhancement. Therefore, this objection is sustained.

For the stated reasons, the total offense level in paragraph 34 in the PSR is 34, the criminal history category is I, and the advisory guideline imprisonment range is 151 to 188 months, instead of 121 to 151 months stated in the paragraph 69 of the PSR.

This order shall be appended to any copy of the presentence report made available to the Bureau of Prisons as required by Federal Rule of Criminal Procedure 32(i)(3)(C).

Dated: February 1, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge